NOT FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION

SELMA JOSEPH and GEORGE JOSEPH, )
)
    Appellants, )
)
    v. )
)
SIEWDATH SOOKRAM, )
)
    Appellee. ) D.C. Civ. App. No. 2005/66
_____) Re: Super. Ct. Civ. No.:
SELMA JOSEPH and GEORGE JOSEPH ) 463/2001 & 117/2001
)
    Appellants, )
)
    v. )
S & S SERVICES CORPORATION )
)
    Appellee. )
_____)

On appeal from the Superior Court of the Virgin Islands

Considered: October 29, 2007
Filed: July 28, 2010

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **DARRYL D. DONOHUE**, Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.

ATTORNEYS:

Chad C. Messier, Esq.
St. Thomas, U.S.V.I.
    *For the Appellants.*

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
   *For the Appellees.*

**James Bernier, Jr., Esq.**
St. Thomas, U.S.V.I.
   *For the Appellees.*

# MEMORANDUM OPINION

**Per curiam.**

This appeal is taken from the trial court's denial of the appellants' motion for reconsideration of the court's order denying a judgment notwithstanding the verdict and a new trial.

## I. FACTS

George Joseph ("Joseph", together with Selma Joseph "the Josephs") was employed by S&S Services Corporation ("S&S") as a welder. On January 16, 2001, Joseph was told to cut a steel tank for his employer. Joseph was supervised while he cut the drum. After completing the task, Joseph was told to pack up his tools. Joseph, however, began cutting other steel drums. Joseph used a torch to cut these drums. A spark from the torch caused one of the drums to ignite and explode. Joseph was severely injured as a result of the explosion.

Subsequently, Joseph discovered that S&S did not provide him with worker's compensation insurance. The Josephs sued S&S and

Sookram for damages in the Superior Court of the Virgin Islands.[1] In their suit, the Josephs alleged that Siewdath Sookram, chief executive officer, president and principal shareholder of S&S, failed to adequately train or supervise a mid-management employee, Gerald Christian ("Christian").

During opening statements, defense counsel stated "[t]he case you're about to hear over the next two days is entirely about one thing. It is about blame." (J.A. 94.) During cross-examination, defense counsel asked Joseph whether he realized he was responsible for his own safety. Joseph responded that he did. Christian testified that the method for cutting drums at S&S was by using a cold chisel and hammer. Christian also testified that using a chisel and hammer was safer than using a torch. He also denied the Appellants' allegation that he told Joseph to cut the drums. There was also testimony regarding Joseph's use of drums to supply water for his home. Joseph also admitted that he used drums to transport water to his home.

On June 24, 2004, the jury returned a verdict in favor of

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands. Effective January 1, 2005, the name of the Territorial Court was changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

the Defendants. The Josephs subsequently filed post-trial motions pursuant to Rule 50(b) and Rule 59(a) of the Federal Rules of Civil Procedure. The trial court denied these motions. The Appellants filed a notice of appeal. Subsequently, the Appellants filed a motion to reconsider. The Appellants withdrew their notice of appeal pending disposition of the motion to reconsider. The court denied the motion to reconsider. Thereafter, the Appellants appealed that order.

The Appellants raise three arguments on appeal. First, they argue that the trial court erred in failing to submit the Josephs' worker's compensation claim for damages to the jury. Second, they argue that the trial court erred in denying the Josephs' Rule 15 motion to amend the pleadings to conform to the evidence. Finally, they argue that the trial court erred in allowing defense counsel to argue contributory negligence to the jury.

## II. JURISDICTION AND STANDARD OF REVIEW

The Appellate Panel has jurisdiction to review appeals from final decisions of the Superior Court of the Virgin Islands. *See* V.I. ANN. CODE tit.4, § 33 (2006); Revised Organic Act of 1984, § 23A, 48 U.S.C. § 1613(a)(2006).

Generally, a denial of a motion for reconsideration is reviewed for an abuse of discretion. *Government of the Virgin*

*Islands v. Innovative Communications Corp.*, 215 F. Supp. 2d 603, 606 (D.V.I. App. Div. 2002). "An abuse of discretion is a clear or obvious error of judgment that must affect substantial rights, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Poleon v. Government of the Virgin Islands*, 184 F. Supp. 2d 428, 434 (D.V.I. App. Div. 2002).

"[B]ecause an appeal from a denial of a motion for reconsideration necessarily raises the underlying judgment for review, the standard of review varies with the nature of the underlying judgment." *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992); *see also McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 553 (3d Cir. 1992). Thus, any legal issues are subject to plenary review, any factual issues are reviewed for clear error, and any issue ordinarily subject to review under the abuse of discretion standard will receive such review. *Bryan v. Todman*, 1993 U.S. Dist. LEXIS 21461 (D.V.I. App. Div. 1993).

In reviewing jury instructions, a court must consider "whether, viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury." *Bennis v. Gable*, 823 F.2d 723, 727 (3d Cir. 1987). "[T]he relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation."

*United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999) (emphasis added) (citation omitted). A court must reverse if "the instruction was capable of confusing and thereby misleading the jury." *Bennis*, 823 F.2d at 727.

Nevertheless, "[a] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000). Moreover, "we do not engage in a technical parsing of [isolated] language of the instructions, but instead approach the instructions in the same way that the jury would – with a 'commonsense understanding of the instructions in the light of all that has taken place at the trial.'" *Johnson v. Texas*, 509 U.S. 350, 368 (1993) (emphasis added) (quoting Boyde v. California, 494 U.S. 370, 381 (1990)).

### III. DISCUSSION

#### A. Worker's Compensation Claim for Damages

The Josephs argue that the trial court failed to instruct the jury on the Josephs' worker's compensation claim for damages, or include the claim on the verdict form. The Josephs seem to suggest that the worker's compensation claim and the negligence claim were separate and distinct. Specifically, the Josephs state:

> The failure to instruct the jury on plaintiffs'

> worker's compensation claim and to present it on the verdict form denied plaintiffs a substantial right to recover damages on that claim *independent of the negligent cause of action.*

(Appellant's Br. 14.) (emphasis added).

Under the Virgin Islands Workmen's Compensation Act ("WCA"), the injured employee of an uninsured employer may, instead of receiving compensation under the statute, elect to bring a suit for damages against the employer, "just as if this chapter were not applicable." 24 V.I.C. § 261(b)(1). Therefore, where an employer fails to secure insurance under the Act, an employer may be sued based on a common law tort action. *See Vanterpool v. Hess Oil V.I. Corp.*, 766 F.2d 117, 123 (3d Cir. 1985), *superseded by statute on other grounds,* V.I. CODE ANN. tit. 24, § 263(a), *as recognized in Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 245 (3d Cir. 2002) (stating that "only when an employer fails to secure the insurance required under the Act is an employee's common law tort action against his employer preserved. . . . Thus, an employer's tort immunity arises as an inevitable consequence of compliance with the Act and loss of immunity is imposed only as a penalty for non-compliance").

The Worker's Compensation Act requires a plaintiff to elect either a worker's compensation claim against an uninsured employer or a common law negligence action. 24 V.I.C.

§ 261(b)(1) ("The injured employee of an uninsured employer, or the employee's beneficiaries, *instead of receiving compensation under this chapter may elect*, at any time prior to the rendering of a decision by the Administrator, to bring suit for damages against the employer, just as if this chapter were not applicable." (emphasis added)).

Here, the Josephs elected to sue based on common law claims, namely negligence and loss of consortium. These issues were properly submitted to the jury. Accordingly, the trial court did not abuse its discretion in denying the Appellants' motion to reconsider.

### B. Rule 15 Amendment

The Appellants contend that the Court's denial of their Rule 15 request for the pleadings to conform to the evidence was prejudicial to them and resulted in a miscarriage of justice. Rule 15(b) of the Federal Rules of Civil Procedure provides in part, "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ. P. 15(b). A Rule 15 amendment is proper only where there is no objection to the evidence introduced on the unpleaded issue, and the opposing party was aware that the evidence introduced was intended to prove the unpleaded issue. *See*

*Niedland v. United States*, 338 F.2d 254, 258 (3d Cir. 1964) ("there is implied consent . . . if there is no objection to the introduction of evidence on the unpleaded issue, as long as the party was fairly apprised that the evidence went to the unpleaded issue"); *Campbell v. Board of Trustees*, 817 F.2d 499 (9th Cir. 1987) (holding that a Rule 15 amendment is proper only if the party understood that the evidence was introduced to prove the unpleaded issue). "The purpose of this rule is to bring the pleadings in line with the actual issues upon which the case was tried." *Guardian Ins. Co. v. Joseph*, Civ. No. 93-151, 1994 WL 714190, at *4 (D.V.I. App. Div. 1994).

Joseph testified at trial that Christian and another individual brought him the steel drums to cut. The Appellants contend that they were entitled to an amendment of the pleadings to show that Christian or another employee brought the steel drums to Joseph due to this testimony. The Appellants further argue that the jury should have been instructed on that evidence. It is not clear from the record whether the Josephs did in fact move for an amendment to the pleadings. Additionally, a review of the record does not indicate that the Appellees knew that the testimony regarding another employee was being offered to prove that another employee was responsible for bringing the steel drums to Joseph. In fact, Joseph's testimony on cross indicated

otherwise:

> Q. But you know Gerald Christian took them off the truck.
> A. Gerald Christian brought the drums to me.
> Q. And you're saying Gerald Christian lined the drums up?
> A. Yes.
> Q. And you saw Gerald Christian line up the drums?
> A. Yes, sir.

(Supp. J.A. 4.) Nowhere in those responses did Joseph indicate that another individual was responsible. Accordingly, a Rule 15 amendment was not proper, and the trial court did not abuse its discretion.

### C. Repeated references to contributory negligence

Appellants next argue that the repeated references to contributory negligence on the part of Joseph resulted in a miscarriage of justice. Section 261(b)(3) of the WCA provides:

> In such proceedings, the fact that the workman or employee was guilty of contributory negligence or that he assumed the risk of injury, or the fact that the workman's or employee's injury or death was caused by the negligence of a fellow employee, shall not constitute a defense for the employer [.]

24 V.I.C. § 261(b)(3).

Appellants argue that the court erred in allowing defense counsel to state that the case was all about blame in opening statements. The Appellate Court will only disturb a verdict below, where the remarks, taken in the context of the whole trial, were sufficiently prejudicial to deprive a party of a fair

trial. *See Manning v. Government of the Virgin Islands*, Crim. No. 2002-156, 2004 WL 715838, at *2 (D.V.I. App. Div. March 26, 2004). Here, the jury heard testimony from both Joseph and Christian. Joseph testified that he had on prior occasions used drums to transport water to his home. Christian also testified and denied the allegation that he told Joseph to cut the drums. From that evidence, a jury could reasonably conclude that Sookram and S & S Services were not responsible for Joseph's injuries. As such, it cannot be said that defense counsel's statement in light of all the evidence introduced at trial, was so prejudicial to deprive the Joseph's of a fair trial.

Even if the Court did find that defense counsel's statement was improper, no prejudice occurred. The court instructed the jury on what they could consider as evidence:

> Certain things are not evidence, and I will list them for you.
> (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(J.A. 207.) Given this instruction, the Appellants were not prejudiced by this remark. *See Edwards v. City of Philadelphia*, 860 F.2d 568, 575 (3d. Cir. 1988) (holding that court's instructions to the jury sufficiently negated any prejudice to

the jury from counsel's errant remarks). Therefore, the trial court did not abuse its discretion.

The Appellants also argue that the Appellees improperly raised the defense of contributory negligence when defense counsel asked Joseph whether he realized he was responsible for his own safety. While this statement may tend to indicate that Joseph was partially responsible for his injuries, the trial court's ruling did not amount to an abuse of discretion. *See Poleon v. Government of the Virgin Islands*, 184 F. Supp. 2d 428, 434 (D.V.I. App. Div. 2002). As noted above, in light of the testimony produced at trial it is likely that a reasonable jury could infer that the Appellees were not negligent. Therefore, there was no clear or obvious error of judgment by the trial court.

Finally, Appellants argue that evidence of contributory negligence was used where Christian testified that the use of a cold chisel and hammer was the safest way to cut a steel drum. This argument is also without merit. The Court instructed the jury that they could not use Christian's testimony as evidence of any contributory negligence by Joseph or as a proximate cause of his injuries. Under these circumstances, the Court can find no error by the trial court. *See Edwards*, 860 F.2d at 575.

## IV. CONCLUSION

For the reasons stated above, the judgment of the trial court will be affirmed. An appropriate order follows.